IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

              Plaintiff,                       ORDER

    v.                                    99-cr-010-bbc

RICHARD A. LOKEN,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the revocation of Richard A. Loken's supervised release was held on February 21, 2008, before United States District Judge Barbara B. Crabb. The government appeared by Assistant United States Attorney Timothy O'Shea. Defendant was present in person and by counsel, Erika Bierma. Also present was Senior United States Probation Officer Michael D. Harper.

From defendant's stipulation, I find the following facts.

FACTS

Defendant was sentenced in the Western District of Wisconsin on May 6, 1999, following his conviction for bank fraud in violation of 18 U.S.C. § 1344. This offense is a Class B felony. Defendant was committed to the custody of the Bureau of Prisons to serve

a term of imprisonment of 33 months, with a 60-month term of supervised release to follow, and ordered to make restitution in the amount of $1,400,125.90.  As a special condition of supervised release, defendant was required to make payments on his restitution obligation in monthly installments of at least $500 by the fifth day of each month.

Defendant began his term of supervised release on October 19, 2001.  On April 23, 2004, the court revoked the term of supervised release because of defendant's failure to pay at least $500 of his restitution obligation each month. He was sentenced to a one-day term of imprisonment, to be followed by a four-year term of supervised release.  The court affirmed the previously ordered restitution and all special conditions of supervised release and added special condition no. 6 to defendant's release conditions, requiring him to provide all his financial records to the supervising United States Probation Officer immediately, barring him entering into financial transactions without the prior approval of the supervising United States Probation Officer and prohibiting him from incurring any indebtedness of more than $200.00 without prior approval.  As a standard condition of supervision, defendant was also required to report to the probation officer as directed by the court or probation officer and submit a truthful and complete written report within the first five days of each month.

The second term of imprisonment commenced on April 24, 2004.

Defendant stipulates that he violated special condition no. 6 by failing to obtain prior

2

approval from the supervising probation officer to secure a loan to purchase a 2007 Chevrolet Trailblazer for $32,515.30 on September 14, 2007. Defendant stipulates that he violated this condition again by failing to obtain approval from the supervising probation officer to secure a loan to purchase a 2007 Chevrolet Impala for $22,395 on September 27, 2007.

Defendant's violation conduct falls into the category of Grade C violations, as defined by § 7B1.1(a)(3)(B) of the sentencing guidelines policy statement for violations of supervised release. In addressing such violations, I have the discretion to revoke supervised release, extend it or modify the conditions of release.

CONCLUSIONS

Defendant failed to obtain the approval of the supervising probation officer before making substantial purchases, despite an explicit requirement to do so. The purchase of two new vehicles indicates his contempt for the conditions imposed on him by the court. Clearly, he has failed to make a good faith effort to satisfy his restitution obligation.

Defendant's violations require revocation. Accordingly, the four-year term of supervised release imposed on defendant on April 23, 2004, will be revoked.

Defendant's criminal history category is I. With a Grade C violation and a criminal history category of I, defendant has a guideline imprisonment range of three to nine months.

3

The statutory maximum to which defendant can be sentenced upon revocation is 36 months, pursuant to 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than three years if the offense for which defendant was sentenced previously was a Class B felony. The maximum term of imprisonment is reduced by the one day to which defendant was sentenced previously for his violation of his conditions of supervised release. I have selected a sentence at the top of the guideline range to hold defendant accountable for his violations, reflect the seriousness of his conduct and promote respect for the law.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of nine months. A four-year period of supervised release shall follow. The previous order of restitution remains in effect but is amended to provide that defendant is to make payments of $1,000 each month. Defendant is to be registered with local law enforcement agencies and the state attorney general before his release from confinement.

The following special conditions of supervised release are appropriate. Defendant is to

1) Reside in a federally contracted residential reentry center for up to 180 days and be

4

allowed work release privileges. He may be considered for early discharge from the reentry center upon recommendation from the center director and approval by the supervising probation officer. Defendant will be afforded social passes or furloughs in accordance with the rules and regulations of the reentry center; he is to provide for his own medical expenses. Defendant is required to pay subsistence not to exceed 25% of his adjusted gross income;

2) Provide financial information to the supervising probation officer as requested;

3) Disclose his conviction for the instant offense to all prospective employers to whom he may have fiduciary responsibilities;

4) Not establish any self-employment or accept any work or payment services on a contractual basis;

5) Close all existing credit accounts and not possess an individual or joint checking account or any credit cards unless approved in advance and in writing by the supervising U. S. probation officer;

6) Conduct no financial transactions of $200 or more, directly or indirectly, without the permission of the supervising probation officer;

7) Submit his person, residence, office or vehicle to a search conducted by a U.S. Probation Officer at a reasonable time and in a reasonable manner whenever the probation officer has reasonable suspicion of contraband or of a violation of a

5

condition of supervised release; failure to submit to a search may be a ground for revocation; defendant shall notify any other residents that the premises he is occupying may be subject to searches pursuant to this condition.

Mandatory drug testing is waived because defendant has no history of substance abuse.

Defendant does not have the financial means or earning capacity to pay the cost of incarceration and supervision.

The term of imprisonment is to commence immediately.

Entered this 22nd day of February 2008.

BY THE COURT:

/s/
BARBARA B. CRABB
Chief District Judge