IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                    Plaintiff,                    ORDER

          v.                             99-cr-10-bbc

RICHARD A. LOKEN,

                  Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      A hearing on the probation office's petition for judicial review of Richard A. Loken's supervised release was held on April 13, 2010, before United States District Judge Barbara B. Crabb. The government appeared by Assistant United States Attorney Timothy M. O'Shea. Defendant was present in person and by Associate Federal Defender Kelly A. Welsh. Also present was United States Probation Officer Michael J. Nolan.

      From the record I make the following findings of fact.

## FACTS

      Defendant was sentenced in the Western District of Wisconsin on May 6, 1999, following his conviction for bank fraud, a violation of 18 U.S.C. § 1344. This offense is a Class B felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 33 months, with a 60-month term of supervised release to follow.

Defendant began his initial term of supervised release on October 19, 2001. On April 23, 2004, defendant's supervised release was revoked because he had not paid monthly restitution payments. He was sentenced to a one-day term of imprisonment with a 48-month term of supervised release to follow.

Defendant began his second term of supervised release on February 24, 2004. On February 22, 2008, his supervised release was revoked after he spent more than $54,000 to purchase two vehicles without the permission of his probation officer. He was sentenced to a nine-month term of imprisonment with a 48-month term of supervised release to follow.

Defendant began his third term of supervised release on November 20, 2008. He violated the general condition requiring him to pay restitution in the amount of $1000 each month when he paid a total of only $474. He violated Special Condition No. 6 restricting him from conducting financial transactions of $200 or more without the permission of the supervising probation officer when he entered into an agreement to receive $180,000 from Roger Carter and when he accepted two checks: one for $1,000 made payable to his wife Rhonda Loken and a second check for $2,000 made payable to Carter/Bell Racing Enterprises. Defendant violated Standard Condition No. 5 requiring him to work regularly at a lawful occupation unless excused by the probation officer when he failed to obtain employment. Defendant violated Standard Condition No. 9 prohibiting him from associating with any person engaged in criminal activity and associating with any person convicted of a felony unless granted permission to do so by the probation officer, when he had contact with Demetrius Barron in November 2008 and with Roger Carter in May 2009,

without the permission of his probation officer.

Defendant's conduct falls into the category off Grade C violations. Section 7B1.3(a)(2) of the advisory guidelines provides that the court may revoke, extend the term, or modify the conditions of supervised release upon a finding of a Grade C violation.

## CONCLUSIONS

Defendant's violations warrant revocation.

Defendant's criminal history category is I. With a Grade C violation, defendant has an advisory guideline range of imprisonment of 3 to 9 months. Under 18 U.S.C. § 3583(e)(3), defendant's term of supervised release is revoked, he could face a statutory maximum term of imprisonment of 27 months and 29 days, because his original conviction was for a Class B felony, his previous revocation sentence was a one-day term of imprisonment and his previous revocation sentence was for nine months.

18 U.S.C. § 3583(h) authorizes another term of supervised release to follow imprisonment if the maximum custodial sentence is not imposed.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence above the guideline range. The intent of this sentence is to hold defendant accountable for his violations and to protect the community from further criminal behavior by defendant.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on February 22, 2008, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a 27-month term of imprisonment with no supervised release to follow.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Entered this 19th day of April, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge